# United States Court of Appeals
# for the Fifth Circuit

―――――――――

United States Court of Appeals
Fifth Circuit

**FILED**
May 1, 2023

Lyle W. Cayce
Clerk

No. 22-51090
Summary Calendar

―――――――――

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

ALEJANDRO HOLGUIN,

*Defendant—Appellant*.

―――――――――――――――――――――――――――

Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:22-CR-571-1

―――――――――――――――――――――――――――

Before STEWART, DUNCAN, and WILSON, *Circuit Judges*.

PER CURIAM:[*]

Alejandro Holguin appeals his guilty plea conviction and sentence for illegal reentry after removal in violation of 8 U.S.C. § 1326(a) and (b)(2). He argues that the recidivism enhancement in § 1326(b) is unconstitutional because it permits a sentence above the otherwise-applicable statutory maximum established by § 1326(a) based on facts that are neither alleged in

―――――――――――――――――――――

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 22-51090

the indictment nor found by a jury beyond a reasonable doubt. Holguin acknowledges that this argument is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), but he seeks to preserve it for possible Supreme Court review. Accordingly, he has filed an unopposed motion for summary disposition.

We have held that subsequent Supreme Court decisions such as *Alleyne v. United States*, 570 U.S. 99 (2013), and *Apprendi v. New Jersey*, 530 U.S. 466 (2000), did not overrule *Almendarez-Torres*. *See United States v. Pervis*, 937 F.3d 546, 553-54 (5th Cir. 2019). Holguin is, therefore, correct that his argument is foreclosed. Because his position "is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case," summary disposition is proper. *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

Accordingly, Holguin's motion for summary disposition is GRANTED, and the judgment of the district court is AFFIRMED.